## Patricia Ann TILLOTSON *v.* FARMERS INSURANCE COMPANY et al

82-126                                    637 S.W.2d 541

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Cliff Jackson, P.A.*, for appellant.

*Bailey, Trimble, Pence & Sellars*, by: *R. Eugene Bailey* and *Rick Sellars*, for appellee.

JOHN I. PURTLE, Justice. An automobile driven by appellant Tillotson was involved in an accident with a vehicle driven by Mayhew, one of the appellees. The occurrence was on July 9, 1978, and appellant subsequently filed a suit for damages which is not involved in this appeal. On February 13, 1981, the insurance carrier for appellee Mayhew, Farmers Insurance Company, filed a complaint for declaratory judgment in the Second Division of the Pulaski County Circuit Court. The complaint for declaratory judgment named Donnie Edmond Mayhew, Patricia Ann Tillotson, Robert N. Cox and Janeil Cox, his wife, d/b/a Cox Fixture & Supply Company, and Maryland Casualty Company as defendants. On August 31, 1981, Tillotson filed a motion for summary judgment in which she sought a declaration that Farmers Insurance Group and Maryland Casualty Company be jointly declared to afford automobile liability coverage on the vehicle which Mayhew was driving on the date of the accident. On September 15, 1981, defendant Mayhew filed a motion for summary judgment. On September 15, 1981, a hearing was held on the various motions for summary judgments. The trial judge issued an order which was filed on September 16, 1981. The

court found that the vehicle driven by Mayhew was furnished for his business use all the time and that on some occasions he used it for personal use. The court held that Mayhew fell under the omnibus clause of the policy provided by his employer and was therefore covered under the liability policy issued by Maryland Casualty Company. The court reaffirmed its ruling that the coverage of Mayhew's private vehicle carrier, Farmers Insurance Company, did not extend to the vehicle he was driving at the time of the accident. The result of the judgment was that Maryland Casualty, Cox's liability carrier, had coverage for liability on the vehicle Mayhew was driving and Farmers Insurance, Mayhew's personal insurance carrier, was not responsible for coverage for this occurrence. Appellant appeals from the foregoing decision. She argues three grounds for reversal in her appeal: (1) the trial court erred in not dismissing the motions for summary judgment filed within ten days of the hearing on the motions; (2) the trial court erred in refusing to grant appellant's motion for summary judgment; and (3) the trial court erred in granting the motion for summary judgment on behalf of Farmers Insurance. We agree with appellant that Farmers Insurance should not have been granted a summary judgment.

The facts in this case reveal that Tillotson was driving her vehicle in Faulkner County, Arkansas, when a van driven by Mayhew allegedly crossed the center line causing an accident resulting in severe injuries and damages to appellant. It was undisputed that Mayhew had possession of the vehicle he was driving at all times. It was owned by Cox and furnished to him for his regular use in Cox's business. He was allowed to take the vehicle home at nights and on weekends. At the time of the occurrence in question he was driving the vehicle on a personal errand. The evidence before the court revealed that Mayhew used the Cox vehicle for personal business no more than once a week and possibly as infrequently as once a month. Tillotson filed suit against Mayhew for her damages on October 31, 1979. Robert N. Cox and Janeil Cox, his wife, d/b/a Cox Fixture & Supply Company, were named as additional defendants. We shall refer to them as Cox throughout this opinion. That suit is not involved in the present appeal. It has been put on the

back burner, pending resolution of the complaint for declaratory judgment and motions for summary judgments. Farmers Insurance Company filed a complaint for declaratory judgment on February 13, 1981. In the complaint for declaratory judgment Farmers admitted they insured Mayhew's personal vehicle, which was not involved in the accident. They further alleged that Maryland Casualty Insurance Company afforded liability coverage to Cox and that because Mayhew drove the vehicle frequently and regularly the Farmers' policy did not apply and Maryland Casualty was the only insurance carrier for Mayhew at the time of the accident. On August 31, 1981, appellant filed a motion for summary judgment. Various other motions for summary judgment were filed shortly before the hearing on appellant's motion on September 15, 1981. All of the motions for summary judgment were denied except that of Farmers which was granted. Some of the motions were not filed until less than ten days before the hearing was set on appellant's motion.

In view of the decision reached in this case we do not find it necessary to discuss the timeliness of the filing of the motions for summary judgment on behalf of the various parties. This appeal involves only the granting of the summary judgment to Farmers. An order granting a motion for summary judgment is an appealable order. *Widmer* v. *Fort Smith Vehicle & Machinery Corp.,* 244 Ark. 971, 429 S.W.2d 63 (1968). It is true that appellant's motion for summary judgment was denied and that the denial of the motion for summary judgment is not an appealable order. *Henslee* v. *Kennedy,* 262 Ark. 198, 555 S.W.2d 937 (1977). In view of the fact that appellant was named as a defendant in the suit for declaratory judgment filed by Farmers Insurance she is entitled to appeal the order granting the summary judgment. At the same hearing on September 15, 1981, the court granted appellant's motion for summary judgment against Maryland Casualty. The appellant is satisfied with that result and does not appeal from it.

This dispute involves the policy of insurance issued to Mayhew. It appears to be a standard automobile liability insurance policy with stated limits for each coverage includ-

ing bodily injury and property damage. It is admitted that the policy was in effect at the time of the occurrence here in question. The insuring clause states that the carrier will

> . . . pay all damages the insured becomes legally obligated to pay because of: (A) bodily injury to any person, and/or (B) damage to property arising out of the ownership, maintenance or use, including loading or unloading, of the described automobile or a *non-owned automobile*. (Emphasis supplied.)

Under the definition portion of the policy a non-owned automobile is described as follows:

> Non-Owned Automobile means an automobile not owned by or regularly or frequently used by the named insured or any resident of the same household, other than a substitute automobile.

It is clear that the insuring provision of the policy included a non-owned automobile. The vehicle Mayhew was driving was a non-owned automobile. We must now determine whether the non-owned automobile is excluded under the definition portion of the policy. A non-owned automobile is not excluded from the policy except if it is used regularly and frequently by the insured. Therefore, the definition clause requires a detrmination of whether this particular non-owned automobile was regularly or frequently used by the named insured. It is obvious that he regularly and frequently used the automobile in going to and coming from work and while on the job. However, such use is not involved in this particular occurrence. Mayhew was using the van for his own personal use, and the record reveals he made such use of the automobile from one to four times per month. We think the personal usage of the automobile is separate and distinct from the job-related use of the vehicle.

In the case of *The Travelers Indemnity Co.* v. *Hyde*, 232 Ark. 1020, 342 S.W.2d 295 (1961), we held that an exclusion for medical coverage while occupying a non-owned automobile, furnished for the regular use of the policyholder, rendered the policy ambiguous and its meaning a question

of fact. In *Hyde* the exclusion was under the exception section of the policy. If it were ambiguous, certainly the present one is at least as ambiguous. In discussing the exclusion of a vehicle furnished for the insured's regular use, we stated in the *Hyde* case:

> ... These provisions of the policy render it ambiguous. Just what is meant by "for the regular use of either the named insured or any relative?" If "for his regular use" means personal use, it is one thing; if partly for his personal use and partly for the use of the employer, it could mean something else. If the insured was to use it in a certain area for one purpose, and he was injured while on a trip outside that area, for another purpose, then there could be a different meaning. Standing alone the terms of the policy are not sufficient to clear up the ambiguity, and the stipulation is not sufficient to enable the court to say as a matter of law what the ambiguous provisions really mean. . . . Perhaps it can be inferred that exclusive use means regular use. On the other hand, it could be exclusive without being regular. A jury could find that the wording in the policy "for the regular use of the insured" means personal use. This language certainly has that connotation. And the jury could reach the conclusion that the term means "for the benefit of the insured." If this construction were put on the language by a jury, then under the facts as set out in the stipulation the insured would be entitled to recover.

We can see from the language quoted from *Hyde* that this court has held that this same language is so ambiguous as to become a jury question. Many times we have held that if there is any substantial evidence to establish an issue in favor of the claiming party the motion for summary judgment must be denied. *Cockman* v. *Welder's Supply co.*, 265 Ark. 612, 580 S.W.2d 455 (1979).

One of the very few cases attempting to define regular and frequent use is that of *Alabama Farm Bureau Mutual Casualty Ins. Co.* v. *Carswell*, 374 So.2d 250 (Ala. 1979), wherein "regular use" was defined as "principal use as distinguished from casual or incidental use." Frequent use

was defined as "an *often repeated* but irregular, casual or incidental use ... (Emphasis supplied)." Under the terms of the policy and in accordance with *The Travelers Indemnity Co. v. Hyde,* supra, and the principle set forth in *Carswell* we think that Mayhew's use of the vehicle on personal errands is a proper matter for consideration in this case. The policy obviously excluded coverage while he had regular or frequent use of the vehicle. We hold that this means he was regularly and frequently using the vehicle from the time he left home to go to work until he returned to his home at the end of his work period. The use made thereafter for his personal convenience is the use we are considering at this time. Therefore, applying the definitions set forth in the *Carswell* case, we can see that the particular use of the vehicle at the time of the occurrence was outside the period when the vehicle was furnished for his regular and frequent use. To say the least, it is as ambiguous as the policy in the *Hyde* case. We hold that there was and is a genuine issue of fact to be determined with reference to the policy in question.

Under "conditions" set out in the policy, number 13 relates to other insurance. The other insurance provision reads as follows:

> With respect to a substitute or non-owned automobile, coverage A, B, F and G shall be excess insurance over any other collectible insurance of any kind available to the insured irrespective of whether such other insurance was obtained by a person other than the named insured.

Therefore, it appears that the Farmers policy coverage is excess to Maryland's policy in regard to claims arising out of the occurrence here in question. From the language contained in the policy, the provisions for non-owned automobiles would have given Mayhew coverage had he borrowed any other vehicle and become involved in a similar accident.

The case will be reversed and remanded with directions to proceed in a manner not inconsistent with this opinion.

HOLT, J., not participating.