MALONE & HYDE, INC., T. Gerald Bowen Enterprises, Inc., and T. Gerald Bowen *v.* WEST & COMPANY OF LA, INC., et al.

89-99                              780 S.W.2d 13

Supreme Court of Arkansas
Opinion delivered November 20, 1989

*Davidson, Horne & Hollingsworth*, by: *James P. Beach-board* and *Mark H. Allison*, for appellant.

*Friday, Eldredge & Clark*, by: *George Pike, Jr.*, for appellee.

DARRELL HICKMAN, Justice. The controversy in this case is over the interpretation of the leases of two tenants in the North Mall Shopping Center in Conway. The appellant, T. Gerald Bowen, operates a Piggly Wiggly grocery store in the shopping center. The appellee, West & Company, originally operated a discount department store in the center. In 1986, West sublet its premises to the appellee, Sutherland Lumber and Home Improvement Company. Sutherland opened a Crate Deals store, which, according to its sublease, was to be an outlet for building materials, garden supplies, tools, electronic equipment, and home improvement and personal items.

At some point in 1986, Crate Deals began to sell grocery items. The appellants complained that their lease contained a provision in which the lessor, Trent & Company, agreed to prohibit any other tenant in the center from selling groceries, meat, dairy products or produce. When Crate Deals refused to cease its competitive sales, the appellants filed suit seeking an injunction and damages.

Crate Deals argued that its predecessor in the lease, West, has executed its lease on February 9, 1973. At that time, the Piggly Wiggly lease was not yet in existence, having been executed a month later. Therefore, Crate Deals claimed, it did not have to abide by the covenant in the Piggly Wiggly lease. The appellants pointed to a provision in West's lease that the premises could only be sublet if the sublease did not conflict with any lease existing at the time of the sublease. At the time of the sublease to Crate Deals, the Piggly Wiggly lease *was* in existence. Therefore, the appellants claim, Crate Deals is bound to abide by the covenant through the doctrine of equitable servitude.

The appellants filed a motion for a partial summary judgment seeking a permanent injunction. Attached to the motion were affidavits showing that Crate Deals had sold meat, dairy products, and a wide variety of fresh produce. The affidavits also showed that during the Christmas season, Crate Deals brought in a forty-foot trailer from which it sold turkeys at an extreme discount.

Crate Deals did not deny that it was selling the detailed items, but claimed that such sales were minimal when compared with its overall sales. It was also argued that Crate Deals was maintaining the operation of a discount department store, as contemplated by the original lease to West.

The trial judge refused to grant the injunction and this appeal followed. The basis for the appeal is ARAP Rule 2(a)(6) which provides that an appeal may be taken from an interlocutory order by which an injunction is granted, continued, modified, refused or dissolved. We dismiss the appeal because it is not an appeal from a denial of an injunction but is essentially an appeal from the denial of a summary judgment, which is not an appealable order.

Our dismissal is based on more than the mere fact that the appellants' motion was entitled "summary judgment." The chancellor, in response to a question by appellants' counsel, declared that his ruling would not prohibit the appellants from seeking injunctive relief after the development of more facts. It is clear the chancellor has not made a decision on the matter of injunctive relief except to say that he will not grant one by way of summary judgment. The possibility of an injunction being

granted after the facts are developed remains. To be final and appealable, a judgment must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Estate of Hastings* v. *Planters & Stockmen Bank*, 296 Ark. 409, 757 S.W.2d 546 (1988).

A similar situation apparently arose in the case of *Medical & Dental Credit Bureau, Inc.* v. *Lake Hamilton Camp & Conference Grounds*, 291 Ark. 353, 724 S.W.2d 477 (1987). There, the appellant attempted to have a writ of garnishment issued against the appellee. The appellant moved for summary judgment saying there was a defect in the appellee's answer. The trial court denied the motion.

The case is similar to ours because, just as ARAP Rule 2 allows an appeal from a denial of an injunction, it allows an appeal from "an order which vacates or sustains an attachment or garnishment." We found there was no order vacating or sustaining a garnishment, only an order denying summary judgment, which was found not to be appealable. Similarly, the order in this case does not ultimately deny the injunction, it only denies summary judgment.

The appellants seek, in effect, a shortcut to the resolution of their legal dispute. Yet they have only been denied a summary judgment, not an injunction.

Remaining are all the legal issues concerning the leases and the resolution of facts necessary to decide those issues.

Appeal dismissed.