RICK'S PRO DIVE 'N SKI SHOP, INC. *v.* Cindy JENNINGS-LEMON

90-312                                                 803 S.W.2d 934

Supreme Court of Arkansas
Opinion delivered March 4, 1991.

*McHenry, Choate and Mitchell*, by: *David S. Mitchell* and

*Robert M. McHenry*, for appellant.

*Gary Eubanks & Associates*, by: *Darryl E. Baker* and *James Gerard Schulze*, for appellee.

JACK HOLT, JR., Chief Justice. The appellee, Cindy Jennings-Lemon, enrolled in the appellant, Rick's Pro Dive 'N Ski Shop's (Rick's) underwater diving course. While participating in the course, Jennings-Lemon became extremely cold and apparently had to get out of the water and her diving gear in order to avoid danger of hypothermia. She allegedly sustained injury to her neck when one of Rick's agents "ripped off" the mask and headpiece to her wetsuit.

Jennings-Lemon brought suit in Pulaski County Circuit Court for personal injury and negligence. Rick's moved for summary judgment on the basis of an exculpatory agreement, signed by Jennings-Lemon, that purportedly released Rick's from all liability for any potential acts of negligence. The trial court denied the motion and the case was tried to a jury, resulting in a verdict in favor of Jennings-Lemon.

Rick's now bring this appeal, asserting as its sole point of error, that the trial court erred in denying its motion for summary judgment. We dismiss the appeal as the denial of Rick's motion for summary judgment is not reviewable.

■ As an initial matter, we must address the issue of reviewability on our own initiative since it was not raised by the parties. We have held that the question of whether an order is *final* and, therefore, subject to appeal, is a jurisdictional question that we ourselves raise. *Ark. Sav. & Loan v. Corning Sav. & Loan*, 252 Ark. 264, 478 S.W.2d 431 (1972); *Associates Fin. Servs. Co. of Okla., Inc. v. Crawford County Memorial Hosp., Inc.*, 297 Ark. 14, 759 S.W.2d 210 (1988). By the same analysis, the question of whether we can review a prior interlocutory order is likewise jurisdictional and, furthermore, is dispositive in this appeal. We thus raise it *sua sponte*.

■ The denial of a motion for summary judgment is not an appealable order. *Malone & Hyde, Inc. v. West & Co. of LA, Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989). Furthermore, we have said that such an order is not subject to review on appeal, even after a trial on the merits. *Henslee v. Kennedy*, 262 Ark. 198, 555

S.W.2d 937, (1977); *American Physicians Ins. Co.* v. *Hruska*, 244 Ark. 1176, 428 S.W.2d 622 (1968); *Widmer* v. *Ft. Smith Veh. and Mach. Co.,* 244 Ark. 971, 429 S.W.2d 63 (1968). Obviously, a final judgment should be tested upon the record as it exists at the time it is rendered, rather than at the time the motion for summary judgment is denied since further evidence may be supplied at trial. *See American Physicians Ins. Co.* v. *Hruska, supra.*

Appeal dismissed.