Linda K. ELLIOTT *v.* George HURST

91-55                                    817 S.W.2d 877

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*John Wesley Hall, Jr., P.C.*, by: *Craig Lambert*, for appellant.

*Jesse W. Thompson*, for appellee.

TOM GLAZE, Justice. This tort case involves appellee's suit against appellant for appellant's conversion of appellee's wolf hybrid dog named Rambo. Appellant apparently responded to appellee's advertisement offering purebred Arctic tundra wolves for sale, and when she visited appellee concerning his advertisement, appellant observed Rambo, noticing he had a seriously infected left front leg. Later the same day, appellant called Joyce Hilliard, the chief investigator for a humane organization named Arkansans for Animals (AFA), and Dr. Carl Fulton, a veterinarian who had previously treated Rambo. Four days later, the appellant, along with Hilliard and Jean Duffy, the president of AFA and Saline County deputy prosecutor, returned to appellee's property. The three women took pictures of Rambo and then went to the Faulkner County Prosecuting Attorney H. G. Foster to request legal advice. Later that day, the women confronted the appellee, threatening to prosecute him and to take Rambo from him. Jim Kirkpatrick, appellee's friend, arrived and joined in the fray, and afterwards all parties agreed to take Rambo to Dr. Fulton's clinic, where appellee left the dog for x-rays and further treatment. Appellant testified she returned to Foster's office the same day to obtain an affidavit for a seizure warrant and to file animal cruelty charges in municipal court. The charges were later dismissed or nol prossed.

Dr. Fulton x-rayed Rambo's leg the next day and amputated the leg two days later. Appellee kept in close contact with Fulton's office during this period, but Fulton refused to permit appellee to take the dog home. About five days after Rambo's surgery, Fulton was advised by Foster and the Faulkner County Sheriff that he could release the dog, but because Fulton did not have appellee's correct telephone number, he was unable to reach appellee's home to leave a message until another five days had passed. The

day after he left appellee the message that Rambo was ready to be released, appellant picked up the dog from Dr. Fulton, telling him she had the authority to keep Rambo. Soon thereafter, appellee, who never saw the dog again, brought this conversion action against appellant.

At trial, the trial court denied appellant's motion for summary judgment, claiming immunity from tort liability under Ark. Code Ann. § 16-6-105 (1987). Afterwards, a bench trial was held, and the trial judge found the appellant had converted the dog. Appellee was awarded $1,400 compensatory and $25,000 punitive damages. The judge also awarded appellee attorney's fees in the amount of $2,500.

For reversal, appellant first argues appellee failed to present substantial evidence of conversion. Because this is an appeal from a bench trial, the standard of review is whether the trial court was clearly erroneous. ARCP Rule 52(a); *Taylor's Marine, Inc.* v. *Waco Mfg.*, 302 Ark. 521, 792 S.W.2d 286 (1990). Under either standard, however, the appellant's argument has no merit. Appellant's argument is two-fold. She initially contends that appellee suffered no violation of a possessory right to Rambo because she was protected under Ark. Code Ann. § 5-62-111 (1987), which provides as follows:

> Any officer, agent, or member of a society which is incorporated for the prevention of cruelty to animals may lawfully interfere to prevent the perpetration of any act of cruelty upon any animal in his presence.

Basically, appellant claims that § 5-62-111 allowed her to interfere with appellee's possessory right to Rambo because appellee had treated the dog inhumanely. At a minimum, she says the statute gave her the right to possess the dog until a determination was made as to who was entitled to its custody.

■ The appellant offered no evidence indicating that appellee actually inflicted an injury on Rambo, nor did the trial judge believe appellant's story that appellee was inhumane by failing to seek treatment of Rambo's infection. In fact, appellee testified that he had Dr. Fulton treat Rambo before appellant became involved and appellee, himself, continued that treatment at home. In addition, appellee's paramedic friend helped with

caring for Rambo and antibiotics were given him regularly. Dr. Fulton conceded that Rambo's leg appeared much better on the day that appellee, Kirkpatrick and the three women brought the dog to Fulton's clinic. In sum, the trial court simply found appellee had perpetrated no cruelty on his animal. Thus, based on the record before us, we cannot say the trial court was clearly wrong in refusing to apply § 5-62-111.[1]

■ Appellant's second reason for claiming appellee suffered no violation of his right of possession to Rambo is based upon her contention that appellee had abandoned his dog. Again, the trial court obviously believed appellee's story to the contrary. In addition to that testimony of appellee set out above, appellee testified that he called Dr. Fulton on occasions after Rambo was left with Fulton, and visited Rambo after his leg was amputated. He stated that he tried everything he knew to get his dog back, but appellant told him that she and her friends would "see to it" that his dog would never be returned to him. The trial court simply did not accept appellant's theory that appellee voluntarily abandoned his dog, and we hold that finding is not against the preponderance of the evidence.

■■ To conclude appellant's first point, we are left with appellant's actions in this matter when determining if the trial court correctly found that she had converted appellee's dog. Conversion is any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's right. *McKenzie* v. *Tom Gibson Ford, Inc.*, 295 Ark. 326, 749 S.W.2d 653 (1988). The conversion need not be a manual taking or for the defendant's use: if the defendant exercises control over the goods in exclusion, or defiance, of the plaintiff's right, it is a conversion whether it is for his own use or another's use. *Id.* Here, appellant presented no order or judgment showing she had a right to possess the dog, and while she claimed she acted upon advice of the prosecutor or his deputy, the deputy prosecutor could not recall whether he told appellant she could take the appellee's dog. Even so, appellant personally took possession of the dog and by her own account, gave it to an exotic pet farm where he was euthanized.

---

[1] Appellant offers no evidence or argument that she was an officer, agent, or member of AFA entitling her to the protection of § 5-62-111, but we need not reach that issue.

Based upon the foregoing evidence, we hold that the trial court's judgment finding that appellant converted the dog is not clearly against the preponderance of the evidence.

Appellant next claims that the trial court denied her motion for summary judgment because she was entitled to volunteer immunity from tort liability under Ark. Code Ann. § 16-6-105 (1987) which provides in part as follows:

> A qualified volunteer shall not be liable in damages for personal injury or damage sustained by one who is a participant in, or a recipient, consumer, or user of, the services or benefits of a volunteer by reason of any act or omission of a qualified volunteer in connection with the volunteer except as follows:

> \*   \*   \*

> (2)   Where the qualified volunteer acts in bad faith or is guilty of gross negligence;

> \*   \*   \*

The record reflects that the trial court did not deny appellant's motion until at the end of appellee's case-in-chief and after the entire case was tried on its merits. In any event, this court has consistently held that denial of a motion for summary judgment is not an appealable order and that, even after there has been a trial on the merits, such denial order is not subject to review on appeal. *Rick's Pro Dive 'N Ski Shop, Inc.* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Malone & Hyde, Inc.* v. *West & Co. of LA, Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989); *Henslee* v. *Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977).

Appellant's third point of appeal involves the exclusion of certain hearsay evidence about legal advice from a prosecuting attorney. During appellant's direct examination, she testified that she went to see Faulkner County Prosecuting Attorney H. G. Foster on March 13, 1989, between her first and second visit to appellee's property. She testified as follows:

Q.   Did you have a meeting with Mr. Foster?

A.   Yes, we did.

Q. What happened at that meeting?

A. At that time, he told us that —

MR. THOMPSON: Your Honor, I'm gonna object. If they want to introduce the results of a prosecution that they attempted, well, we'll get into that, but if she wants to testify about what she and H. G. talked about, I'm gonna' object.

THE COURT: I sustain your objection.

Appellant claims that the trial court erred by sustaining appellee's hearsay objection because the statement was not offered for the truth of the matter asserted but merely to show that the statements were in fact made and relied upon. Ark. R. Evid. 801(c); *see also, L. L. Cole & Son, Inc.* v. *Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984); *Gautney* v. *Rapley*, 2 Ark. App. 116, 617 S.W.2d 377 (1981). Appellant also argues that the statements were crucial to her defense because they bore directly on the question of punitive damages and were necessary to prove that she acted in good faith and without malice.

■ We are unable to reach and discuss appellant's argument because she made no offer of what her testimony would have been. As a consequence, we cannot say that prejudicial error occurred. Ark. R. Evid. 103(a)(2); *National Bank of Commerce* v. *HCA Health Servs. of Midwest, Inc.*, 304 Ark. 55, 800 S.W.2d 694 (1990); *Goodin* v. *Farmers Tractor & Equipment Co.*, 249 Ark. 30, 458 S.W.2d 419 (1970).

■ In her fourth point of appeal, appellant argues appellee failed to prove the compensatory damages awarded by the trial judge. We agree. The proper measure of damages for conversion of property is the market value of the property at the time and place of the conversion. *Sandusky* v. *First Nat. Bank*, 299 Ark. 465, 773 S.W.2d 95 (1989).

■ Appellee purchased Rambo for $1,400, but when asked to give his opinion of the dog's value, appellee stated that no doubt he could have sold him for $2,500 or $3,000. He further said that he would not have taken less than $5,000. However, when then asked if his dog would have brought those prices in its wounded condition, appellee responded no. Approximately three months

had transpired and Rambo's front leg had been amputated between the time appellee purchased the dog and appellant converted him. When confronted with the question of the dog's value at the time of conversion, appellee honestly conceded he did not believe the three-legged dog was worth the amounts to which he had just testified. Accordingly, we must reverse and remand on this point.

■ Appellant's next point challenges the lower court's award of $25,000 punitive damages to appellee. Of course, the law is settled that exemplary or punitive damages are dependent upon the recovery of actual damages. *Stoner v. Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979). Thus, because we have reversed the trial court's award of compensatory damages, we need not address the parties' arguments concerning punitive damages except to say the punitive award is also reversed and remanded for retrial purposes.

■ Finally, appellant contends the trial court's award of $2,500 in attorney's fees was improper. As a general rule, attorney's fees are not allowed in Arkansas unless expressly authorized by statute. *Damron v. University Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988). However, in any civil action in which the court having jurisdiction finds there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney, the court may award an attorney's fee in an amount not to exceed $5,000, or ten percent of the amount in controversy. Ark. Code Ann. § 16-22-309(a)(1) (Supp. 1991). In awarding such fees, the court may pronounce its decision on the fees at the conclusion of the trial without written motion and with or without additional evidence, and the judgment for attorney's fees, if any, shall be included in the final judgment entered in the action. Ark. Code Ann. § 16-22-309(c) (Supp. 1991). On appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the trial court alone. Ark. Code Ann. § 16-22-309(d) (Supp. 1991).

■ Here, the trial court failed to mention attorney's fees at the trial's conclusion, but it did include such an award in its final judgment. Appellant is then able to question the validity of that award on appeal merely by requesting a de novo review of the

question as to whether a justiciable issue existed below. Of course, our review reflects there was. Therefore, we also reverse the trial court's $2,500 attorney's fee award.

For the reasons stated above, we reverse and remand.