GENERAL AGENTS INSURANCE COMPANY OF
AMERICA *v.* PEOPLE'S BANK & TRUST COMPANY,
Administrator of the Estate of Jerry Gray, Deceased; Bob
Dimango; and Dynamic Enterprises, Inc., d/b/a Car Mart

CA 92-565                                        854 S.W.2d 368

Court of Appeals of Arkansas
Division II
Opinion delivered June 2, 1993

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by:
*Jacob Sharp, Jr.*, and *Brian Allen Brown*, for appellant.

*Blair & Stroud*, by: *H. David Blair*, for appellees.

JOHN E. JENNINGS, Chief Judge. Dynamic Enterprises, Inc.,
owns and operates a chain of used car sales lots which do business
under the name of Car Mart. Bob Dimango was the manager of
the Car Mart location in Batesville. Appellant, General Agents
Insurance Company of America, was the garage liability insur-
ance carrier for Car Mart.

On October 3, 1986, Dimango left work in a car he selected
from those on the lot. There is no dispute that Dimango was
allowed to drive whatever vehicle he wanted that was on the lot
and that he drove different vehicles from time to time. He and a

friend, Jerry Gray, went to a bar that night and while returning home they had a wreck and Mr. Gray was killed.

In denying coverage the appellant relied on a provision of the policy excluding "those automobiles . . . furnished for the regular use of . . . employees[.]" While appellant concedes that the particular automobile Dimango was driving at the time of the accident was not regularly used by him, it argues, in effect, that all of the cars on the lot were furnished for Dimango's regular use because of Car Mart's policy permitting him to drive any one he chose. The trial court held to the contrary and we find no error.

We certainly agree with the general principles appellant states: when the contract is clear, it must be interpreted in accordance with the plain meaning of its words; a word should be given its obvious meaning; and insurance coverage should not be extended to cover a risk for which a premium has not been collected. On the other hand, we think the trial court was entirely correct in holding that the automobile involved in the accident was not one "furnished for the regular use of" Mr. Dimango. It has been held that "regular use" means "principal use as distinguished from a casual or incidental use." *See Tillotson* v. *Farmers Ins. Co.*, 276 Ark. 450, 637 S.W.2d 541 (1982).

In the case at bar, Mr. Dimango regularly used vehicles off the lot for his nonbusiness purposes. He did not, however, as even the appellant concedes, use the vehicle involved in the accident on a regular basis. Nor was it furnished to him for his regular use. Given the undisputed facts in this case, we agree with the trial court's conclusion.

Affirmed.

COOPER and ROBBINS, JJ., agree.