Ross BALL and Ramona Ball *v.* Charles E. FOEHNER III,
Attorney at Law, d/b/a Foehner and Associates, and George H.
Bailey, Attorney at Law

95-1251                                            931 S.W.2d 142

Supreme Court of Arkansas
Opinion delivered October 28, 1996

*Hartsfield, Almand, & Grisham,* by: *Larry J. Hartsfield,* for ]appellants.

*Wright, Lindsey & Jennings,* by: *Bettina E. Brownstein* and *Don S. McKinney* and *Matthews, Sanders, Liles & Sayes,* by: *Roy Gene Sanders,* for appellees.

ROBERT H. DUDLEY, Justice. This is a legal malpractice action. Ross and Ramona Ball are the parents of Jeremy, who was born prematurely at Doctors Hospital in Little Rock on December 16, 1989, and was given the drug Theophylline. On December 29, 1989, he began to have unusual symptoms. Now he is partially blind, mentally retarded, and has cerebral palsy. In August of 1990, the Balls retained George Bailey, a Little Rock attorney, to investigate the advisability of a medical negligence action. In February 1991, Bailey asked Charles Foehner, a St. Louis attorney, to assist him in obtaining expert witnesses. Nine months later, on November 12, 1991, the Balls entered into a written contract with Bailey which provided, in pertinent part, that Bailey would represent the Balls "as natural parents, natural guardians, and Guardians of the Estate of Jeremy Ball" against "Neonatology-Cardiology Associates, P.A., Dr. Gregory A. Franklin, Dr. Richard M. Nestrud, Dr. Ricardo Sotomora, Doctors Hospital, and all others including pharmaceutical manufacturers and distributors."

On November 10, 1991, Bailey sent a notice of intent to sue to Neonatology-Cardiology Associates, P.A., Dr. Gregory A. Franklin, Dr. Richard M. Nestrud, Dr. Ricardo Sotomora, Doctors Hospital, and HCA Health Services of Midwest, Inc., the corporation that manages Doctors Hospital. The notice stated that both the Balls and Jeremy would claim all compensatory damages.

On March 10, 1992, which was more than two years after the drug was administered, Bailey filed the underlying medical malpractice suit in circuit court. It was removed to federal district court. Doctors Hospital moved for partial summary judgment on the Balls' claims for parents' damages on the ground that the parents' action was barred by the two-year statute of limitations. After a lengthy discussion of the types of claims that are recoverable by children and the types of claims that are recoverable by parents for the children's injuries and the different applications of the medical

malpractice statute of limitations for parents and children, the federal district court ruled that the parents' claims were time-barred and entered an order granting the hospital's motion for partial summary judgment on July 15, 1993. Trial was set on Jeremy's claims.

Before the deadline to appeal the district judge's ruling passed, the parties entered into mediation. On October 25, 1993, the Probate Court of Pulaski County issued an order approving a settlement of "the tort claim of Jeremy Ball." The order provided that "Jeremy Ball, by his natural guardians and next friends, Ramona and Ross Ball," agreed to "settle all claims and all causes of action against the Defendants [in exchange for the recited consideration]" and agreed to "file and serve a dismissal, with prejudice, of all claims and causes of action asserted and assertable" in the case. On November 8, 1993, settlement was reached. Doctors Hospital's insurance carrier paid a lump sum of $1,000,097 and agreed to make future payments of slightly more than $5,000,000, for a total, structured settlement of $6,200,000. In the written settlement agreement the "plaintiff" released Doctors Hospital from all future claims in consideration of the payments to the Balls as co-guardians of Jeremy Ball's estate. The named "plaintiff" in the agreement was "Jeremy Ball, by and through his court-appointed guardians, Ross Ball and Ramona Ball." The agreement stated that the Balls, as co-guardians, had "been authorized and directed by [the Pulaski County Probate Court] to execute all documents necessary to consummate the settlement of their individual claims and the claims of Jeremy Ball." The settlement agreement stated that all of the parties assented to the case pending in federal district court being dismissed with prejudice.

A few weeks later, the Balls contacted their present attorney and filed this legal malpractice action against Bailey and Foehner in the Circuit Court of Pulaski County. The complaint alleged that Bailey and Foehner negligently failed to file the parents' cause of action within the period of limitations, and that, as a result, the Balls lost their recovery as parents. The Balls filed a motion for partial summary judgment in which they stated that Bailey and Foehner claimed the settlement was of both the parents' claim and Jeremy's claim, but that there was no genuine issue of material fact with respect to that issue because they had settled only Jeremy's claim. In response, Bailey and Foehner contended that there was a

genuine issue of material fact about the scope of settlement. The trial court ruled that there were matters in the record placing in dispute the question of whether the settlement was to cover all claims, including those of the parents. The case went to trial. The Balls contended that the settlement did not include the parents' claims because those claims were dismissed with prejudice by the federal district court. Bailey and Foehner contended that the federal district court's order granting summary judgment was not a final order because it could have been appealed; they also contended that the Balls' claims were included in the settlement. An attorney for Doctors Hospital testified that the settlement included the Balls' claim. After a trial lasting several days, the jury answered "yes" to the first interrogatory, which read:

> Do you find from a preponderance of the evidence that there was a settlement of the individual claims of Ross and Ramona Ball included in the settlement which occurred on October 13, 1993?

In so answering the first interrogatory, the jury rendered a defendant's verdict. The jury did not answer the remaining interrogatories about negligence and damages.

The Balls appeal and in their opening brief contend that the trial court "erred in denying the plaintiffs' motion for partial summary judgment on the issue that Ross Ball and Ramona Ball had settled their personal claims against Doctor's Hospital." Bailey and Foehner respond that the denial of a motion for summary judgment is not reviewable. The response is correct. We have often written that the denial of a motion for summary judgment is not reviewable on appeal. *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991); *Rick's Pro Dive 'N Ski Shop* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Malone & Hyde, Inc.* v. *West & Co. of LA, Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989). Such review is not available even after a trial on the merits. *Rick's Pro Dive 'N Ski Shop*, 304 Ark. at 672, 803 S.W.2d at 935; *Henslee* v. *Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977); *American Physicians Ins. Co.* v. *Hruska*, 244 Ark. 1176, 428 S.W.2d 622 (1968); *Widmer* v. *Ft. Smith Vehicle & Mach. Co.*, 244 Ark. 971, 429 S.W.2d 63 (1968). The rationale for this basic rule is that "a final judgment should be tested upon the record as it exists at the time it is rendered, rather than at the time the motion for summary judgment is denied, since further evidence may be supplied at trial." *Rick's Pro Dive 'N Ski Shop*, 304 Ark. at

673, 803 S.W.2d at 935.

In their reply brief, the Balls "concede that the Arkansas Supreme Court has stated that the denial of a motion for summary judgment is not reviewable on appeal," but even so, they argue that "the error on which appellants base their argument is subject to review." As authority, they cite the case of *Henslee* v. *Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977). That case does not support their argument.

A review of the original briefs filed in *Henslee* reveals that the plaintiffs filed suit against the defendants, who answered and filed a counterclaim. The defendant-counterclaimants propounded two requests for admissions of fact. The plaintiffs responded by denying both requests for admissions, but the notary public's affidavit under the denials provided only "subscribed and sworn to before me." It did not state the contents of a subscription or the contents of an oath. The defendants filed a motion for summary judgment on the ground that the requests for admissions should be deemed admitted because the notary did not properly "verify" the denials as required by statute. The trial court denied the motion for summary judgment. Then, *at trial,* the defendant-counterclaimants moved the trial court to declare the requests admitted and to preclude the plaintiffs from offering testimony contradicting the admissions. The trial court denied the motion. On appeal, the defendant-counterclaimants argued that the trial court erred in denying the motion for summary judgment, but, in the same argument, contended that the trial court additionally erred because "[t]he appellants, *during trial,* moved the Court to declare the requests admitted and to preclude appellant from offering testimony contradicting the requests." With those facts, we refused to address the denial of the motion for summary judgment on the counterclaim, but addressed the merits of the counterclaim. We wrote:

> There are certain preliminary points we must address before reaching the *merits of appellants' counterclaim.* Appellants contend that the chancellor erred in denying their motion for summary judgment on the counterclaim. The denial of a motion for summary judgment is not subject to review even after final judgment in a suit. *Widmer* v. *Ft. Smith Vehicle & Machinery Corp.,* 244 Ark. 971, 429 S.W.2d 63; *Deposit Guaranty Nat. Bank* v. *River Valley Co., Inc.,* 247 Ark. 226, 444 S.W.2d 880; *Williams* v. *Varner,* 253 Ark. 412,

486 S.W.2d 79. However, the alleged error on which appellants base their argument is subject to review: that is, that the trial court erred in finding that appellees' answers to requests for admission were sufficiently verified; therefore, the matters requested were admitted.

*Henslee*, 262 Ark. at 203, 555 S.W.2d at 939 (emphasis added).

In sum, in *Henslee*, we reviewed the ruling made by the trial court during the trial *on the merits of the counterclaim.* We did not review the denial of the motion for summary judgment. In fact, we have often cited *Henslee* for the proposition that the denial of a motion for summary judgment is not subject to review, even after final judgment in a suit. *See Elliott v. Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991); *Rick's Pro Dive 'N Ski Shop*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Tillotson v. Farmers Ins. Co.*, 276 Ark. 450, 637 S.W.2d 541 (1982); and *Sharp Co. v. Northeast Ark. Planning & Consulting Co.*, 275 Ark. 172, 628 S.W.2d 559 (1982). The court of appeals has cited the case for the same proposition. *See State Farm Fire & Casualty Co. v. Amos*, 32 Ark. App. 164, 798 S.W.2d 440 (1990). If we were to review the underlying basis of the denial of a motion for summary judgment, as urged by the Balls, it would make meaningless the settled law that we will not review a denial of a motion for summary judgment.

The denial of a motion for summary judgment is not reviewable on appeal; correspondingly, the Balls' first point for reversal is not reviewable. Since the Balls do not appeal from a ruling about the sufficiency of the evidence, we make no determination of the sufficiency of the evidence.

■ We need not address the Balls' next four points for reversal because, when the jury found that the Balls' claims were settled, it did not consider evidence of negligence. The four points involve evidentiary rulings about negligence, and, even if erroneous, they would not have affected the verdict. We will not reverse in a case in which a ruling would not have affected the verdict. *National Bank of Commerce v. Beavers*, 304 Ark. 81, 802 S.W.2d 164 (1990).

■■ The Balls' final point for reversal involves Foehner's "testimonial misconduct"; again, we do not reach the issue. The Balls received all the relief they asked on Foehner's alleged misconduct. They received favorable rulings each time this issue was raised at trial. A party cannot appeal from a favorable ruling. *Myers v. State*,

317 Ark. 70, 876 S.W.2d 246 (1994). In addition, we have often explained that, except for rare instances not material to this case, we only reverse a trial court for making a ruling that constituted prejudicial error. *Arkansas Dep't of Human Servs.* v. *Harris*, 322 Ark. 465, 910 S.W.2d 221 (1995). Here, the Balls do not allege that the trial court made an erroneous ruling. Rather, they contend on appeal that the trial court should have given more relief than they asked. It is a basic rule of appellate procedure that a party cannot change arguments on appeal. *Luedemann* v. *Wade*, 323 Ark. 161, 913 S.W.2d 773 (1996).

Affirmed.