# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1621

_____

Telco Group, Inc., individually and on behalf of all persons similarly situated,

    Plaintiff - Appellant,

v.

Ameritrade, Inc., et al.,

    Defendants - Appellees.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   District of Nebraska.
*
*   **[TO BE PUBLISHED]**
*
*

_____

Submitted: January 15, 2009
Filed: January 26, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Telco Group, Inc., appeals the district court's[1] final order dismissing Telco's claims with prejudice for failure to prosecute. However, Telco does not challenge this order on the merits, for example, by arguing that the district court abused its discretion under Rule 41(b) of the Federal Rules of Civil Procedure in dismissing Telco's claims with prejudice. See Rodgers v. Curators of Univ. of Mo.,135 F.3d 1216, 1219 (8th

---

[1]The HONORABLE JOSEPH F. BATAILLON, Chief Judge of United States District Court for the District of Nebraska.

Cir. 1998) (standard of review). Accordingly, the final order of dismissal is affirmed. See F.R.A.P. 28(a)(5), (9); Harris v. Folk Const. Co., 138 F.3d 365, 366 n.1 (8th Cir. 1998).

Telco does challenge the district court's earlier order denying Telco's motion for class certification. However, because its claims have been dismissed with prejudice, reversing the denial of class certification would afford Telco no relief. Moreover, as its claims have been dismissed, Telco is no longer a member of and therefore cannot represent the putative but uncertified class. See In re Milk Prods. Antitrust Lit., 195 F.3d 430, 436 (8th Cir.), cert denied, 529 U.S. 1038 (2000). "Without a class representative, the putative class cannot be certified." Great Rivers Co-op v. Farmland Ind., Inc., 120 F.3d 893, 899 (8th Cir. 1987).

It is well settled that "there must be a live controversy at the time this Court reviews the case." Sosna v. Iowa, 419 U.S. 393, 402 (1975). In these circumstances, it is appropriate to "affirm the dismissal and . . . not reach the class certification issue." Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1257 (8th Cir. 1997).

The judgment of the district court is affirmed.

_____