KAREN R. BAKER, Associate Justice |, Appellant, Arkansas Department of Veterans Affairs d/b/a Arkansas Veterans Home and Fayetteville Veterans Home (“ADVA”) appeals the Pulaski County Circuit Court’s order granting class certification to appellees in their case alleging violations of the Arkansas Minimum Wage Act (“AMWA”), Arkansas Code Annotated sections 11-4-201 et seq. On appeal, ADVA argues that the circuit court abused its discretion in certifying the class. Appellees are- hourly, nonnursing employees of ADVA (“employees”). The employees sought class certification alleging that ADVA violated the AMWA due to ADVA’s failure to pay the employees for overtime hours worked. Specifically, the employees allege that ADVA automatically deducted thirty minutes per day from their hours worked to account for meal breaks, even though they were regularly required to work during -their meal breaks. The employees also sought certification to resolve the issues of unpaid time worked during pre- |2and post-shift hours. The employees sought to represent approximately 150 individuals -who held one of twenty different nonnursing positions. On November 25, 2014, the circuit court entered its order granting class certification regarding meal breaks. The circuit court determined that the common question as to the class members was “Whether Defendant's systematic and automated practice of deducting meal breaks is a violation of the AMWA[.]” The circuit court found that class certification was inappropriate as to pre- and post-shift-work claims. The circuit court stated that “[i]n contrast to the automated meal break deductions, Plaintiffs fall short of demonstrating a policy, scheme, or uniform practice that allegedly deprived Plaintiffs of compensation for work performed off-the-clock.” On December 23, 2014, ADVA filed a timely notice of appeal. We recognize our precedent in the companion case of Arkansas Department of Veterans Affairs v. Okeke, 2015 Ark. 275, 466 S.W.3d 399. This court held that the circuit court acted within its discretion in finding that the commonality, predominance, and superiority requirements had been met. Id. Accordingly, we held that the circuit court did not abuse its discretion in certifying the class and affirmed the circuit court’s order. Id. However, as will be explained below, we note a marked distinction between the present case and Okeke. I. Standard of Review An interlocutory appeal may be taken from an order certifying a case as a class action in accordance with Arkansas Rule of Civil Procedure 23. Circuit courts are given broad discretion in matters regarding class certification; we will not reverse a circuit court’s decision to grant or deny class certification absent an abuse of discretion. ChartOne, Inc. v. Raglon, 373 Ark. 275, 283 S.W.3d 576 (2008). When reviewing a circuit court’s class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court’s decision. Teris, LLC v. Golliher, 371 Ark. 369, 266 S.W.3d 730 (2007). Our focus is “whether the requirements of Rule 23 are met,” and “it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action.” Philip Morris Cos. v. Miner, 2015 Ark. 73, at 3, 462 S.W.3d 313, 316 (quoting Am. Abstract & Title Co. v. Rice, 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004)). . II; AMWA The AMWA provides that “no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed.” Ark.Code Ann. § ll-4-211(a) (Repl. 2012). “In lieu of overtime compensation, the State of Arkansas and any political subdivision of the state may award compensatory time off at a rate of not less than one and o.ne-half (1 1/2) hours for each hour of employment for which overtime compensation is required.” Ark.Code Ann. § ll-A~211(f).. III. Class Certification ■ On appeal, ADVA argues that the circuit court abused its discretion in finding that the employees have met their burden of proving commonality, predominance, and superiority. ADVA contends that automatically deducting thirty minutes a day for meal breaks is not per se unlawful. Because this policy is not per se unlawful, it must be coupled with two | ¿conditions: (1) the employee was required to work through his or her meal break, without compensation; and (2). wording through the .meal break caused the employee to work more than forty hours in a work week. ADVA, further argues that collective treatment of the employees’ claims is improper because the claims inherently entail highly individualized inquiries. Rule 23 -of the- Arkansas Rules of Civil Procedure governs class actions and class certification. The rule provides, in pertinent part:' (a) Prerequisites to Class Action.- One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class,' (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class. (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the 'members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods .for the fair and efficient adjudication of the controversy. Therefore, there are six requirements for class-action certification, as stated in Rule 23: (1) numerosity,- (2) commonality, (3) typicality* (4) adequacy,. (5) predominance, and (6) superiority. Gen. Motors Corp. v. Bryant, 374 Ark. 38, 285 S.W.3d 634 (2008). In addition to the requirements of Rule 23, the court must be able to objectively identify members of the class. Farmers Ins. Co. v. Snowden, 366 Ark. 138, 233 S.W.3d 664 (2006). We no\v turn to the requirements of class cértification. To certify a class, the circuit court must determine that “there are questions of law or fact common to the class.” Ark. R. Civ; P.' 23(a)(2).' The commonality' requirement is always case specific and | t;Rule 23(a)(2) does -not require that all questions of law or fact raised in the litigation be common. The test or standard for meeting the rule 23(a)(2) prerequisite is ... that there need be only a single issue common to all members of the class ... When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected. Union Pac. R.R. v. Vickers, 2009 Ark. 259 at 8-9, 308 S.W.3d 573, 578 (quoting Herbert B. Newberg, Newberg on Class Actions § 3.10 . (3d ed.1993)). The circuit court “must determine what elements in a cause of action are common questions for the purpose of certifying a class,” and commonality is satisfied where “the defendant’s'acts, independent of'any action by the class members, establish' a common question relating to the entire class.” Id. at 9, 308 S.W.3d at 578 (quoting Williamson v. Sanofi Winthrop Pharms., Inc., 347 Ark. 89, 97, 60 S.W.3d 428, 433 (2001)). Once commonality is determined when deciding whether to certify a class, the next question is whether common questions of law and fact predominate over any questions affecting only individual members, Rosenow v. Alltel Corp., 2010 Ark. 26, 358 S.W.3d 879. With regard to the predominance requirement of Rule 23(b), we must decide if the issues common to .all plaintiffs predominate over the individual issues. Baker v. Wyeth-Ayerst Labs., 338 Ark. 242, 992 S.W.2d 797 (1999). The predominance requirement, however, is more stringent than commonality. Vickers, 2009 Ark. 259 at 9, 308 S.W.3d at 578 (citing BPS, Inc. v. Richardson, 341 Ark. 834, 20 S.W.3d 403 (2000)), In Vick-ers, we explained the standard for testing predominance: When deciding whether common questions predominate over other questions affecting only -individual members, this court does not merely compare the number of individual versus common claims. Rather, this court decides if the preliminary, | (¡overarching issues common to all class members “predominate over” the individual issues, which can be resolved during the decertified stage of a bifurcated proceeding. Thus, the mere fact that individual issues and .defenses may be raised regarding the recovery of individual members cannot defeat class certification where there are common questions concerning the defendant’s alleged wrongdoing that must be resolved for all class members. Id. (internal citations omitted). If a case involves preliminary issues common to all class members, predominance is satisfied even if the court must subsequently decertify a class due to individualized damages. Snowden, 36.6 Ark. 138, 148, 233 S.W.3d 664, 670. However, if the preliminary issues are sufficiently individualized, then predominance is not satisfied, and class certification is improper. Id., 233 S.W.Sd at 671. In reviewing ADVA’s argument regarding predominance, we agree with its position. Even assuming that there are questions common to all class members, these common issues do not predominate over individual issues. In Arthur v. Zearley, 320 Ark. 273, 895 S.W.2d 928 (1995) we held that the circuit court abused its discretion in certifying the class and we reversed the circuit court’s class-action certification. In Baker, we explained our ruling in Arthur as follows: In Arthur, patients who had an artificial substance called “Orthoblock” implanted in their spines filed a class-action- lawsuit, which included a products-liability claim against Calcitek, thé manufacturer of Orthoblock. Id. We held that class certification was improper because the individual issues of informed consent, -causation, degree and types of injury, and damages predominated over the common issues. Id. In particular, as to causation the individual plaintiffs would have had to prove that their prior medical condition or history was not the cause of the injury, that they would not have undergone the implantation if they had known of the risks, and that the actions of the intermediary doctors did not abate some or all of Calcitek’s liability. Id. Hence, the bifurcation approach could not be utilized because the defendant’s liability to each plaintiff would have to be established on a case-by-case basis. Id. In reaching this |7conclusion in Arthur, we relied upon products-liability cases from other jurisdictions where class certification was denied because the individual issues predominated over the common issues. See Raye v. Medtronic Corp., 696 F.Supp. 1273 (D.Minn.1988) (holding that there were “not enough common questions of law or fact to justify use of the class mechanism” because issues of “causátion, liability, and damages” would have to be separately litigated); Rose v. Medtronic, Inc. [107 Cal.App.3d 150], 166 Cal. Rept. [Cal.Rptr.] 16 (Cal. App. 1980) (holding that class' certification was improper because the claimants had “varying periods of use of the product, varying needs for its replacement, varying elements, of causation, varying degrees of injury, and varying amounts of damages”). 338 Ark..at 248, .992 S.W.2d at 800-01. ■ Here, the employees seek to represent a diverse group of employees, approximately 150 individuals who have held one of over twenty nonnursing positions. The class certified by the circuit court inclúdes the following - positions: Administrative- Specialist II, Administrative Specialist III, Cook, Food Preparation Manager, Food Preparation Technician, Food Preparation Specialist, Food Preparation Supervisor, Human Resources Specialist, Institutional Services Assistant, Institutional Services Specialist, Institutional Services Supervisor, Local Office Administrative Assistant, Maintenance Assistant, Maintenance Supervisor, Maintenance Technician, Public Safely Security Officer, Recreational Activity Leader I, Recreational Activity Leader II, Security Officer, Security Officer Supervisor, and Warehouse Specialist. In Okeke, all the class members held nursing positions, which included Registered Nurses (RNs), Licensed Practical Nurses (LPNs), and Certified Nursing Assistants (CNAs). Unlike Okeke, where the nursing employees held the same or very similar positions, here,' the class members do not share the same or similar job duties that would require them to work through their meal breaks. The issues of whether an employee worked during unpaid meal | ^breaks and whether this resulted in the employee working over forty hours in a week will vary greatly with each employee. Like Arthur and Baker, in the present case, a bifurcation approach cannot be utilized because the issues of ADVA’s liability and damages owed to each employee will have to be established on a ease-by-case basis. Here, the individual issues clearly predominate over the common issues. As ADVA asserts, the mere existence of a policy of making automatic deductions for scheduled meal breaks does not, in and of itself, violate AMWA. A determination of ADVA’s liability under AMWA would require a highly individualized inquiry as to each employee’s hours worked during a given week because, if the employee did not work through lunch, and if the employee failed to work more than forty hours in a given work week, there could be no liability on the part of ADVA. Stated differently, there is “no one set of operative facts” to establish ADVA’s liability to any given class member. Vickers, 2009 Ark. 259 at 19, 308 S.W.3d at 582-583. (citing Baker, 338 Ark. at 247, 992 S.W.2d at 800). Although, a circuit court has broad discretion in certifying a class action, we have not held that a circuit court’s discretion is “so broad that it cannot be the subject of a proper review.” Vickers, 2009 Ark. 259 at 20, 308 S.W.3d at 583 (citing Arthur, 320 Ark. at 289, 895 S.W.2d at 936-37). Based on the highly individualized nature of the employees’ claims, the circuit court abused its discretion in certifying the class action, and we reverse and remand with instructions to decertify the class. Because we reverse, we do not reach the remaining issues on appeal. Reversed and remanded with instructions to decertify the class. Wood, J., concurs. Danielson, Goodson, and Wynne, JJ., dissent.