SLIP OPINION

Cite as 2016 Ark. 212

# SUPREME COURT OF ARKANSAS

No. CV–15–912

| | |
|---|---|
| CONVENT CORPORATION, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED APPELLANT | Opinion Delivered May 19, 2016 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-13-1398] |
| CITY OF NORTH LITTLE ROCK, ARKANSAS, A MUNICIPAL CORPORATION; JOE SMITH, MAYOR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY COUNCIL MEMBERS DEBI ROSS, BETH WHITE, LINDA ROBINSON, MAURICE TAYLOR, STEVE BAXTER, BRUCE FOUTCH, MURRY WITCHER, AND CHARLIE HIGHT, EACH INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY; TOM WADLEY, DIRECTOR, CODE ENFORCEMENT DIVISION, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND FELICIA McHENRY, CODE ENFORCEMENT OFFICER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY APPELLEES | HONORABLE ALICE A. GRAY, JUDGE REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

Convent Corporation brings this interlocutory appeal from the circuit court's order denying Convent's motion for class certification; dismissing without prejudice Convent's trespass claim and its federal and state statutory claims; and denying Convent's motion for

SLIP OPINION

judgment on the pleadings or, in the alternative, motion for summary judgment, after concluding that there remain genuine issue of material fact. Of these findings, however, only the circuit court's denial of Convent's motion for class certification is appealable on an interlocutory basis. On that issue, the circuit court found that because Convent did not present any evidence at a hearing, there was no basis on which to determine whether Convent met the requirements set forth by Rule 23 of the Arkansas Rules of Civil Procedure for class certification. We reverse the circuit court's decision and remand for further proceedings.

According to Convent's complaint and exhibits filed in the circuit court, the North Little Rock City Council (Council) passed a resolution on February 25, 2013, condemning as a public nuisance a structure owned by Convent located at 6615 Highway 70 in North Little Rock. The resolution gave Convent thirty days to raze the structure or abate the nuisance. On March 27, 2013, Convent filed in the circuit court a notice of appeal from the resolution. On that same day, Convent filed a complaint for injunctive relief, declaratory judgment, and damages. The complaint stated that, pursuant to District Court Rule 9, Convent was appealing from the resolution, and further, that it was bringing claims under 42 U.S.C. §§ 1983, 1985(3) 1986, and 1988; the Arkansas Civil Rights Act; and a common-law claim of trespass. Convent also sought a declaratory judgment that the City of North Little Rock's (City) ordinance relating to condemnation proceedings was unconstitutional. Further, Convent sought to enjoin the City not only from destroying Convent's property but also from destroying other properties that had been condemned by the City and enjoin the City

from condemning any additional properties or taking any action to file or collect liens for the demolition of properties. The complaint further stated that the case was being brought as a class action.

Following the removal of the case to federal court and its subsequent return, Convent filed on May 17, 2014, a motion for a judgment on the pleadings or, in the alternative, a motion for summary judgment. On September 1, 2014, Convent filed its motion for class certification seeking to certify as a class all individuals who own property within North Little Rock and whose property had been condemned by the Council from March 27, 2009. Convent alleged that 237 properties had been condemned since March 2008. Appended to the motion as exhibits were answers to interrogatories, an affidavit, a copy of that part of the municipal code of the City relating to nuisance abatement and property maintenance, a copy of the minutes of a meeting held by the Council on February 25, 2013, a copy of a resolution passed by the Council relating to the property owned by Convent, a notice of public nuisance relating to Convent's property, and copies of the minutes of several meetings held by the Council.

A hearing was held in circuit court at which the court heard the arguments of counsel. No testimony was presented. In an order filed July 9, 2015, the circuit court denied Convent's motion for class certification. In denying the motion, the court observed that Convent did not present any evidence at the hearing in support of its motion for class certification. The court concluded, "Therefore, there is no basis upon which the Court could find that [Convent] has met the requirements . . . for certification of a class." The court

further concluded that Convent had "initiated the administrative process, which has not concluded" and stated that Convent had "failed to demonstrate through facts that it is certain that the relief it is requesting will be denied on appeal." The court also dismissed without prejudice Convent's federal statutory claims, its claims under the Arkansas Civil Rights Act, and its trespass claim. The court also concluded that Convent's appeal to the circuit court would be governed by the standard of review applicable to appeals under Arkansas District Court Rule 9(f). Finally, the circuit court found that "genuine issues of material fact remain" and denied Convent's motion for a judgment on the pleadings or, in the alternative, motion for summary judgment.

On August 10, 2015, Convent filed its timely notice of appeal from the circuit court's order. In its notice of appeal, Convent stated that it was bringing an interlocutory appeal from the circuit court's denial of its motion for class certification pursuant to Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure–Civil. Further, Convent asserted that the denial of its motion for judgment on the pleadings or summary judgment was appealable pursuant to Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure–Civil because, if Convent prevailed on "its administrative appeal," then it "may be prevented from obtaining a judgment from which an appeal may be taken." Convent further claimed that the denial of its motion for judgment on the pleadings or summary judgment was a final order because it disposed of all of its claims, leaving only what the circuit court had "deemed to be an administrative proceeding." Convent also asserted that it was bringing its appeal pursuant to Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure–Civil because the circuit court's denial of its

SLIP OPINION

motion for summary judgment constituted a denial of its request for an injunction.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an "appeal may be taken from a final judgment or decree entered by the circuit court."[1] This requirement is a jurisdictional requirement. *See, e.g.*, *Davis v. Davis*, 2016 Ark. 64, at 5. The purpose of the finality requirement is to avoid piecemeal litigation. *Id.* For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* To be final, an order must not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. *Id.* at 5–6.

Convent asserted in its notice of appeal that it was appealing pursuant to Rule 2(a)(2), which permits an appeal from an "order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." The circuit court, however, acknowledged in its order that the order had not determined the action, as the court found that there remained genuine issues of material fact to be tried and stated that Convent had not shown that the relief it was requesting would be denied by the circuit court.

---

[1]We are aware that Rule (2)(a)(11) of the Arkansas Rules of Appellate Procedure–Civil permits an appeal from an "order or other form of decision which adjudicates fewer than all the claims . . . in a case involving multiple claims . . . if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims . . . and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure." Here, there is no Rule 54(b) certificate.

SLIP OPINION

Thus, the order did not discontinue the action or prevent a judgment from which an appeal might be taken. We further recognize that Convent argues as a point on appeal that the circuit court should have granted its motion for summary judgment. However, the denial of a motion for summary judgment is not an appealable order. *See, e.g.*, *Rick's Pro Dive 'N Ski Shop, Inc. v. Jennings-Lemon*, 304 Ark. 671, 672, 803 S.W.2d 934, 935 (1991).

Convent further stated in its notice of appeal that it was appealing pursuant to Rule 2(a)(6), which permits an appeal from an "interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused." As a point on appeal, Convent argues that the circuit court erred in dismissing its claims and denying its request for injunctive relief. However, the circuit court did not make any findings relating to Convent's entitlement to injunctive relief. Accordingly, Rule 2(a)(6) is inapplicable. *Malone & Hyde, Inc. v. West & Co. of La., Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989) (dismissing an interlocutory appeal that was purportedly brought from an order denying a request for an injunction).

Convent also stated that it was appealing pursuant to Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure–Civil, which provides that an appeal may be taken from an "order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure." Under Rule 2(a)(9) this court has jurisdiction of appeals regarding class certifications. *See, e.g.*, *Carquest of Hot Springs, Inc. v. Gen. Parts, Inc.*, 367 Ark. 218, 223, 238 S.W.3d 916, 919 (2006). The circuit court's denial of Convent's

motion for class certification is an appealable order.[2]

Circuit courts are given broad discretion in matters regarding class certification; we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. *Ark. Dep't of Veterans Affairs v. Mallett*, 2015 Ark. 428, at 2, 474 S.W.3d 861, 863. When reviewing a circuit court's class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court's decision. *Id.* at 3, 474 S.W.3d at 863. Rule 10(c) of the Arkansas Rules of Civil Procedure provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Rule 10(c) requires that a "copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading." Further, Rule 43(c) of the Arkansas Rules of Civil Procedure provides that "[w]hen a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition."

On appeal, Convent argues that the circuit court erred in denying its motion for class certification. On that issue, the court denied the motion based on Convent's failure to present evidence at the hearing. Convent argues that the circuit court should have considered the

---

[2]We are aware that appellees argue that the circuit court did not have subject–matter jurisdiction because Convent had not exhausted its administrative remedies. Convent appealed the Council's decision by filing a notice of appeal with the clerk of the circuit court having jurisdiction of the matter within thirty days from the date of that decision. Ark. Dist. Ct. R. 9(f)(2)(A). Appellees do not describe which administrative remedies Convent might have pursued and instead acknowledge that Convent could appeal from the Council's decision.

exhibits attached to the motion for class certification as well as exhibits attached to other pleadings, including its motion for judgment on the pleadings or summary judgment. Convent argues that these exhibits demonstrate that the class should be certified. Convent further contends that the court should have held an evidentiary hearing if it deemed the materials insufficient to rule on the motion.

Here, the circuit court denied the motion for class certification because Convent did not present any evidence at the hearing in support of its motion. In determining whether to grant or deny the motion, however, the circuit court should have considered the evidence in the record, which would have included any admissible evidence submitted as exhibits by the parties in support of their contentions that the motion for class certification should have been granted or denied. Thus, the circuit court abused its discretion in denying Convent's motion solely on Convent's failure to present evidence at the hearing. Further, because the circuit court has not yet considered the elements of Rule 23 of the Arkansas Rules of Civil Procedure relating to the certification of class actions, we must reverse and remand this case to the circuit court for consideration of the issue. Thus, we reverse and remand this case for proceedings consistent with this opinion.

Reversed and remanded.

BRILL, C.J., and GOODSON and WOOD, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.**  I join the majority's decision that the dismissal of Convent's trespass claim and federal and statutory claims are not appealable on an

interlocutory basis. However, I dissent from the majority's decision to reverse and remand the circuit court's order denying class certification.

As the majority accurately states, when we review a circuit court's class certification order, we review the evidence contained in the record to determine whether it supports the circuit court's decision. *Ark. Dep't of Veterans Affairs v. Mallett*, 2015 Ark. 428, at 2, 474 S.W.3d 861, 863. Rule 23(a) requires "representative parties and their counsel [who] will fairly and adequately protect the interests of the class." Importantly, as a threshold matter, class representatives must be members of the class they purport to represent. 2 David Newbern, John J. Watkins & D.P. Marshall Jr., *Arkansas Civil Practice and Procedure* § 8:4 (5th ed.); *Asbury Auto. Grp., Inc. v. Palasack*, 366 Ark. 601, 237 S.W.3d 664 (2006) ("It is axiomatic that in order for a class action to be certified, a class must exist. . . . Concurrently, the class representative must be members of that class." (quoting *Van Buren Sch. Dist. v. Jones*, 365 Ark. 610, 614, 232 S.W.3d 444, 448, (2006))).

Here, the circuit court dismissed Convent's individual claim for trespass as well as its federal and state statutory claims, including claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 for alleged violations of its Fifth, Fourth, and Fourteenth Amendment rights under the United States Constitution. These claims formed the basis for the class Convent sought to certify. Thus, Convent is not a member of the class it seeks to represent. In *Telco Group, Inc. v. Ameritrade, Inc.*, the court explained that once it was determined that Telco had not exhausted its administrative remedies, "Telco is no longer a member of and therefore cannot

represent the putative but uncertified class." 552 F.3d 893, 893–94 (8th Cir. 2009) (referencing *In re Milk Prods. Antitrust Lit.*, 195 F.3d 430, 436 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038 (2000)). Because it is axiomatic that the lead plaintiff be a member of the class it has proposed, and Convent clearly is not, I see no reason to remand this issue to the circuit court for additional proceedings that would be futile. *General Motors Corp. v. Bryant*, 374 Ark. 38, 285 S.W.3d 634 (2008); *Asbury Auto. Grp, Inc.*, 366 Ark. 601, 237 S.W.3d 664.

Additionally, the circuit court's order denied class certification because Convent did not present any evidence at the hearing. Therefore, the circuit court concluded that "there [was] no basis upon which the Court could find" Convent met the class-certification requirements. The majority assumes that the circuit court was refusing to consider evidence in the record. However, it is just as likely that the circuit court accepted appellee's briefed argument that Convent could not be a class representative because it was no longer a member of the class, and, absent evidence at the hearing to the contrary, there was no basis upon which the court could find Convent met the threshold requirements for class certification.

For these reasons, I would affirm the denial of class certification.

BRILL, C.J., and GOODSON, J., join.

*Mickey Stevens*, for appellant.

*C. Jason Carter*, City Attorney, by: *Daniel L. McFadden*, Ass't City Att'y, for appellees.