Rhonda K. Wood, Justice, dissenting. I join the majority’s decision that the dismissal of Convent’s trespass claim and federal and statutory claims are not ap-pealable on an | ¡Interlocutory basis. However, I dissent from the majority’s decision to reverse and remand the circuit court’s order denying class certification. As the majority accurately states, when we review a circuit court’s class certification order, we review the evidence contained in the record to determine whether it supports the circuit court’s decision. Ark. Dep’t of Veterans Affairs v. Mallett, 2015 Ark. 428, at 2, 474 S.W.3d 861, 863. Rule 23(a) requires “representative parties and their counsel [who] will fairly and adequately protect the interests of the class.” Importantly, as a threshold matter, class representatives must be members of the class they purport to represent. 2 David Newbern, John J. Watkins & D.P. Marshall Jr., Arkansas Civil Practice and Procedure § 8:4 (5th ed.); Asbury Auto. Grp., Inc. v. Palasack, 366 Ark. 601, 237 S.W.3d 462 (2006) (“It is axiomatic that in order for a class action to be certified, a class must exist.... Concurrently, the class representative must be members of that class.” (quoting Van Buren Sch. Dist. v. Jones, 365 Ark. 610, 614, 232 S.W.3d 444, 448, (2006))). Here, the circuit court dismissed Convent’s individual claim for trespass as well as its federal and state statutory claims, including claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 for alleged violations of its Fifth, Fourth, and Fourteenth Amendment rights under the United States Constitution. These claims formed the basis for the class Convent sought to certify. Thus, Convent is not a member of the class it seeks to represent. In Telco Group, Inc. v. Ameritrade, Inc., the court explained that once it was determined that Telco had not exhausted its administrative remedies, “Telco is no longer a member of and therefore cannot | ^represent the putative but uncertified class.” 552 F.3d 893, 893-94 (8th Cir.2009) (referencing In re Milk Prods. Antitrust Lit., 195 F.3d 430, 436 (8th Cir.1999), cert. denied, 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000)). Because it is axiomatic that the lead plaintiff be a member of the class it has proposed, and Convent clearly is not, I see no reason to remand this issue to the circuit court for additional proceedings that would be futile. General Motors Corp. v. Bryant, 374 Ark. 38, 285 S.W.3d 634 (2008); Asbury Auto. Grp., Inc., 366 Ark. 601, 237 S.W.3d 462. Additionally, the circuit court’s order denied class certification because Convent did not present any evidence at the hearing. Therefore, the circuit court concluded that “there [was] no basis upon which the Court could find” Convent met the class-certification requirements. The majority assumes that the circuit court was refusing to consider evidence in the record. However, it is just as likely that the circuit court accepted appellee’s briefed argument that Convent could not be a class representative because it was no longer a member of the class, and, absent evidence at the hearing to the contrary, there was no basis upon which the court could find Convent met the threshold requirements for class certification. For these reasons, I would affirm the denial of class certification. Brill, C.J., and Goodson, J., join.