Cite as 2023 Ark. App. 98

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-21-568

| | |
|---|---|
| KEN SWINDLE<br><br>APPELLANT<br><br>V.<br><br><br>THE BENTON COUNTY PROSECUTING ATTORNEY'S OFFICE, THE BENTON COUNTY CIRCUIT COURT CLERK'S OFFICE, AND THE ARKANSAS CRIME VICTIMS REPARATION BOARD<br><br>APPELLEES | Opinion Delivered February 22, 2023<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-861]<br><br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br><br><br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Ken Swindle appeals the August 24, 2021, order of the Benton County Circuit Court granting the appellees' motions for dismissal and for judgment on the pleadings and denying Swindle's motion for summary judgment. On appeal, Swindle argues the circuit court erred (1) in considering and ruling on the appellees' motions because they lacked standing to object to Swindle's attorney lien; (2) in granting the appellees' motions and denying Swindle's motion for summary judgment based upon its erroneous interpretation of Ark. Code Ann. § 16-22-304; and (3) in the alternative, any dismissal should have been without prejudice. We affirm.

This appeal arises from a lawsuit filed pursuant to the Declaratory Judgment Act, Ark. Code Ann. § 16-22-304 (Supp. 2021), in which Swindle, an Arkansas licensed attorney, claimed an attorney's lien on restitution ordered in a criminal case against a defendant that injured a client Swindle represented in a separate civil suit but that involved the same injury that resulted in the criminal case. On April 26, 2020, Edgar Duran-Macias fled the scene of a crash in Benton County, Arkansas, after striking and severely injuring Sergio Saucedo with his motorcycle. On May 5, 2020, Mr. Saucedo signed a contract and notice of attorney's lien with Swindle. In that contract, Mr. Saucedo agreed Swindle would represent him for "any claim that [Mr. Saucedo] may have for damages sustained on or about April 26, 2020." On June 18, 2020, the Benton County Prosecutor's Office, an appellee in this case, issued an arrest warrant and affidavit of probable cause against Mr. Duran-Macias.[1] On July 31, 2020, Swindle, on behalf of Mr. Saucedo, filed a personal-injury lawsuit against Mr. Duran-Macias. On September 2, 2020, Swindle sent copies of Mr. Saucedo's medical bills to the Benton County Prosecutor's Office, which totaled $139,430.30. and advised it of the civil lawsuit he had filed on behalf of Mr. Saucedo. On April 6, 2021, the Benton County Prosecutor's Office informed Swindle it intended to enter into a settlement agreement with Mr. Duran-Macias that would include a restitution payment to Mr. Saucedo in the amount of $139,430.30. On April 8, 2021, Swindle notified the Benton County Prosecutor's Office of his claim to the attorney's lien on any restitution payments made, to which it responded,

---

[1]Mr. Duran-Macias was charged with leaving the scene of an accident under Ark. Code Ann. § 27-53-101, a Class D Felony, in *State v. Duran-Macias*, case No. 04CR-20-1676.

"The restitution payments would first be made to the clerk's office, who would then be instructed to send those payments to Mr. Saucedo at his address." Swindle was additionally informed that the Benton County Prosecutor's Office did not believe the attorney-lien statute applied to restitution ordered in a criminal case.

On April 14, 2021,[2] Swindle filed a petition for declaratory judgment alleging his right to funds based on the attorney's lien granted to him by Mr. Saucedo. On May 10 and 11, 2021, an answer and a motion for judgment on the pleadings were filed, respectively, on behalf of Nathan Smith, both individually and in his official capacity as the representative of the Benton County Prosecuting Attorney's Office. In the motion for judgment on the pleadings, Mr. Smith argued Swindle's petition for declaratory judgment failed to present a justiciable issue; failed to comply with the Arkansas Declaratory Judgment Act because it failed to include all interested parties in the matter—specifically, Swindle failed to include Mr. Saucedo and the Arkansas Crime Victims Reparations Board; and that Swindle failed to state a claim upon which relief could be granted under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Mr. Smith additionally argued the individual claim against him was barred by the doctrine of sovereign immunity. On May 11, 2021, Swindle filed an amended petition for declaratory judgment in which he added the Arkansas Crime Victims Reparation Board as a defendant and dropped Mr. Smith, in his individual capacity, from

---

[2]On July 14, 2021, an order requiring Mr. Duran-Macias to pay restitution to Mr. Saucedo was entered—meaning that when Swindle filed his original petition in April 2021, there was no order from the criminal court requiring Mr. Duran-Macias to pay restitution to Mr. Saucedo.

3

his lawsuit, leaving the Benton County Prosecutor's Office and the Benton County Circuit Court Clerk's Office as named defendants.

On July 21, 2021, the Benton County Circuit Court Clerk's Office filed a motion to dismiss, alleging Swindle's petition warranted dismissal because Mr. Saucedo was a necessary party and had not been named in the case, and the issue was not ripe for controversy. On July 26, 2021, Swindle filed a motion for summary judgment. A hearing on the parties' motions was held on August 16, 2021, and the circuit court granted the appellees' motions to dismiss and for judgment on the pleadings and denied Swindle's motion for summary judgment. In its order, the circuit court found (1) Mr. Saucedo was an interested person to the case; (2) the civil action *Saucedo v. Duran*, case No. 04CV-20-1673, for which Swindle was employed, was a different action from the criminal case of *State v. Duran-Macias*, case No. 04CR-20-1676; therefore, Swindle was not entitled to enforcement of an attorney's lien; and (3) Swindle failed to state a claim for relief pursuant to Ark. R. Civ. P. 12(b)(6).

For his first point on appeal, Swindle argues the appellees lacked standing to object to his attorney's lien. The question of standing is a matter of law for this court to decide, and we review questions of law de novo. *Hinton v. Bethany Christian Servs.*, 2015 Ark. App. 301, 462 S.W.3d 361. Under Arkansas law, only a claimant who has a personal stake in the outcome of a controversy has standing. *Ark. Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 256 S.W.3d 488 (2007). When declaratory relief is sought, all persons shall be made parties who have or claim any interest that would be affected by the declaration, and no declaration shall prejudice the rights or persons not parties to the proceeding. Ark. Code

4

Ann. § 16-111-111(a) (Supp. 2021). Swindle contends the appellees lack standing because they do not have a personal stake in the outcome of the matter. Swindle is correct that a party must have a personal stake in the outcome of the matter to have standing. *Ark. Beverage Retailers Ass'n, Inc.*, 369 Ark. 498, 256 S.W.3d 488. However, his argument ignores the clear evidence in this case demonstrating exactly why the appellees have a personal stake in the outcome of this matter by the mere fact they were named defendants in the suit he filed against them. *See Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006).

Swindle next argues the circuit court erred in denying his motion for summary judgment because there existed undisputed facts regarding the scope of his representation of Mr. Saucedo. However, the denial of a motion for summary judgment is not an appealable order. *Convent Corp. v. City of N. Little Rock*, 2016 Ark. 212, 492 S.W.3d 498. Therefore, we do not reach Mr. Swindle's argument regarding the denial of his summary-judgment motion.

Swindle further argues that the circuit court misinterpreted Ark. Code Ann. § 16-22-304 when it found that the civil action for which Swindle was employed was a different action than the criminal case to which the restitution funds attached. Swindle argues these errors by the circuit court led to the erroneous granting of the appellees' motions for dismissal and judgment on the pleadings. In reviewing a circuit court's order granting a motion to dismiss, the supreme court has held that the standard of review is whether the circuit court abused its discretion in dismissing the complaint. *Brown v. Towell*, 2021 Ark. 60, 619 S.W.3d 17. In determining whether the circuit court abused its discretion in dismissing a complaint, this court treats the facts alleged in the complaint as true and views

5

them in the light most favorable to the plaintiff. *Id.* A motion for judgment on the pleadings is appropriate if the pleadings show on their face that there is no merit to the suit. *Monsanto Co. v. Ark. State Plant Bd.*, 2021 Ark. 103, 622 S.W.3d 166. When we review the grant of a motion for judgment on the pleadings, we view the facts alleged in the complaint as true and in the light most favorable to the party seeking relief. *Id.* We will affirm the circuit court's decision in the absence of an abuse of discretion. *Id.* An abuse of discretion is a high threshold that requires not only that the circuit court's decision was erroneous but also that the ruling was made improvidently, thoughtlessly, or without due consideration. *Id.*

Here, we are presented with two very straightforward issues: whether the circuit court abused its discretion in granting the appellees' motions to dismiss and for judgment on the pleadings for (1) Swindle's failure to state sufficient facts or a claim for which relief can be granted under Ark. R. Civ. P. 12(b)(6); and (2) Swindle's failure to join necessary parties under Ark. R. Civ. P. 12(b)(7). As to the Rule 12(b)(6) dismissal and judgment on the pleadings, Swindle's petition did not state a cognizable claim under the law. A lien only applies to the cause of action specifically enumerated in the notice. Ark. Code Ann. § 16-22-304 (a)(2)–(3). Further, an attorney is only entitled to a lien on the proceeds of the same cause of action for which the attorney was employed to represent the client. *Grayson v. Bank of Little Rock*, 334 Ark. 180, 971 S.W.2d 788 (1998). Swindle is only entitled to a lien on the proceeds from *Saucedo v. Duran-Macias*, case No. 04CV-20-1673, the case in which he was hired to represent Mr. Saucedo.

Moreover, a motion to dismiss is warranted for failure to join a party under Rule 19 of the Arkansas Rules of Civil Procedure. Ark. R. Crim. P. 12(b)(7) (2021). Rule 19 provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party.

The plain language of Rule 19 demonstrates Mr. Saucedo is a necessary party to this case because the restitution funds Swindle claims he has an attorney's lien on belong to Mr. Saucedo. If those funds are used to pay Swindle pursuant to the lien, Mr. Saucedo's "ability to protect that interest" is impaired, and the appellees are "subject to a substantial risk of incurring . . . inconsistent obligations by reason of his claimed interest." Ark. R. Civ. P. 19. Swindle's failure to join Mr. Saucedo as a necessary party warranted dismissal under Ark. R. Civ. P. 12(b)(7). Therefore, we hold that the circuit court did not abuse its discretion in granting the appellees' motions for dismissal and judgment on the pleadings.

Finally, Swindle argues that if the dismissal was appropriate in this case, the dismissal should have been without prejudice. As discussed above, the evidence brought forth in this case demonstrates Swindle does not have a cognizable claim under Arkansas law. When a pleading is dismissed because it is legally insufficient, it is proper to dismiss the complaint with prejudice. *Rhodes v. Kroger Co.*, 2019 Ark. 174, 575 S.W.3d 387.

Accordingly, we affirm the circuit court's order dismissing Swindle's petition with prejudice.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Ken Swindle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vincent P. France*, Ass't Att'y Gen., for State appellees.

*Clark & Spence*, by: *George R. Spence*, for separate appellee Benton County Circuit Clerk's Office.